# Hudson *v.* Germain Fruit Co.

*Action by Seller against Purchaser of Goods, on Refusal to Accept.*

1. *Sale of perishable goods for future delivery; inspection by purchaser.* On a sale of a car-load of oranges, to be shipped from California to the purchaser at Birmingham, Alabama, "subject to inspection, and to be received if found by him to be sound and bright. and if otherwise to be rejected;" the seller is not required to provide in the bill of lading that the purchaser has the right of inspection on the arrival of the car, nor can the purchaser refuse to receive the oranges because the railroad agent refused to let him inspect them without further orders, provided he was allowed to inspect them within a reasonable time after their delivery, to be determined by the jury on a consideration of all the facts and circumstances of the case.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

The opinion in this case states the material facts. The only matters assigned as error are, the refusal of a charge asked by the defendant, and eight charges given on request of the plaintiff. The charge asked and refused was as follows : "If the plaintiff, through its agent. W. H. Jones, agreed to let defendant examine the fruit, and not to take it unless the same was found to be sound and bright ; and that the defendant, upon the arrival of the fruit, demanded the right to examine it, and the right to examine it was denied him by the railroad company ; this gave the defendant the right to then refuse to take the fruit."

The charges given were in these words: (1.) "The plaintiff had a reasonable time after the sale of the fruit, under all the circumstances, to deliver the fruit, and to allow an opportunity for inspection; and if the jury believe that the 9th May was within such reasonable time, and that the plaintiff, through Jones, on that day offered defendant an opportunity to inspect the fruit, and he refused to accept the oranges and to pay for them, then his refusal to inspect was wrongful." (2.) "If the defendant informed Jones that he would not examine the fruit, and would not accept it, because he had made other arrangements,—then plaintiff was not bound to make any further offer, or provide any further opportunity for inspection; and if the jury further believe that the reasonable time for examination after arrival had not then expired, defendant's refusal to accept the fruit was wrongful." (3.) "If, within a reasonable time after the arrival of the fruit in Birmingham, defendant was offered an opportunity to examine the fruit, and refused to do so, then his refusal was wrongful." (4.) "If, within a reasonable time after the arrival of the fruit in Birmingham, defendant was offered by plaintiff, through Jones, an opportunity to inspect the fruit, and refused to do so, or accept the fruit; then his refusal to inspect was wrongful, although the jury may further find that the railroad company had before then refused to allow an inspection." (5.) "If the jury believe from the evidence that the defendant was offered an opportunity, within a reasonable time after the sale of the fruit, to inspect it, and that he refused such offer of privilege of inspection, then his refusal was wrongful." (6.) "If the jury believe from the evidence that the defendant refused, within a reasonable time after the sale, to inspect the fruit, and said that he would not inspect or receive it, then plaintiff was not bound to make any further offer, or offer any further opportunity of inspection." (7.) "Although defendant may have demanded of Jones, plaintiff's agent, to be given an opportunity to examine the fruit, and Jones failed at that time to allow such examination without refusing to do so; yet, if within a reasonable time after such demand was made an opportunity was given to defendant to make such examination, and he refused to examine it, such refusal on his part was wrongful." (8.) "If the jury believe from the evidence that· the plaintiff offered the defendant an opportunity to examine the fruit within a reasonable time after its arrival, and defendant declined to examine and take it, such refusal on his part was wrongful."

[Hudson v. Germain Fruit Co.]

LANE & WHITE, for appellant, cited Story on Sales, § 418; Benjamin on Sales, § 910; *Herrick v. Gallagher*, 60 Barbour; Rights, Remedies & Practice, Vol. 4, § 1833.

CABANISS & WEAKLEY, *contra*, cited 2 Benjamin on Sales, 4th Amer. ed., 1023, n. 11.

COLEMAN, J.—All the assignments of error are based upon the charges given by the court for plaintiff, and the refusal to charge as requested by defendant.

The cause of action is founded upon a contract for the purchase of a car-load of oranges, sold by appellee to the appellant, and was brought to recover the difference between the contract price and the amount realized from the sale of the oranges. The evidence shows that the fruit was sold by plaintiff, through its agent, W. H. Jones, of Birmingham, Alabama, to be shipped to the defendant at Birmingham, Ala., "subject to inspection, and to be received, if found by him to be sound and bright, and if otherwise to be rejected." The fruit was shipped from Los Angelos, California, to Birmingham, Ala.

The defense relied upon for refusing to accept the car-load of oranges is set up in the special plea of the defendant which avers, that the "plaintiff agreed by and with the defendant that the said defendant would be allowed to open said car and examine the fruit on its arrival in Birmingham, before taking or receiving the same; and defendant says, on the arrival of the said car he asked and sought permission to open the car and to examine the fruit, all of which was denied him," &c. It is not pretended that the fruit did not arrive at its destination within due time, or was not of the quality agreed to be shipped; neither is it controverted that the defendant, by virtue of his contract of purchase, had the right to examine the fruit before accepting it. The real contest is as to whether the defendant in fact was refused permission to examine the fruit, within the contemplation of the parties, and whether he was justifiable in refusing to receive the fruit.

It is proven that the car having the oranges arrived in Birmingham on the 7th of May, 1890. It is further proven that W. H. Jones, the agent of the shipper, was in Birmingham, and this was known to the defendant. It is not denied that, on the day of the arrival of the car, the defendant was notified by the agent of the railroad that the fruit had arrived, and that on the same day the defendant applied to the railroad agent for leave to examine

the oranges, and that the railroad agent refused to permit the examination, upon the ground that the bill of lading did not authorize it. The remaining testimony is somewhat conflicting. That of the plaintiff tends to show, that on the evening of the 7th, the day of arrival of the fruit, the defendant notified W. H. Jones, the agent of the shipper, of the arrival of the fruit; that he had applied to the railroad agent to examine the fruit, and had been refused, and that he was anxious to get the fruit. The agent, Jones, then stated he would get permission; and the evidence shows that he, Jones, telegraphed immediately to the shipper, and that on the next day, the 8th of May, he received permission, and offered to the defendant permission to examine the fruit, and offered to turn it over to him; and that defendant refused to inspect the fruit, or take it, because "he was not allowed to examine it when he wanted to do so." The defendant's testimony tended to show that the offer of the agent, Jones, to permit the examination, was made on the 10th of May, and that the defendant had made other arrangements by that time. There was evidence tending to show that oranges, at that season of the year, would keep two or three weeks, and that offered by defendant tended to show that oranges, at that season of the year, were "in danger of rotting unless sold and used quickly." The bill of lading was attached to a check drawn on the defendant for the purchase-money, through a bank at Birmingham.

The evidence is sufficiently stated to test the correctness of the rulings of the court upon the charges given and the refusal to charge as requested. The purchaser was not compelled to pay the purchase-money, and thereby secure a delivery of the bill of lading and fruit, before exercising his right under his contract to inspect the fruit. We are clearly of the opinion, however, that if he had pursued this course merely to get control of the car or goods so as to make the inspection, the payment of the purchase-money, under such circumstances, and for this purpose, would not have been a waiver of the right to examine and reject the fruit, if it failed to correspond with the quality purchased.

When goods of a certain quality are to be shipped from a distance, and delivered at a designated place, subject to inspection by the buyer, and no time is fixed by the contract within which they are to be delivered, or the right of inspection to be exercised, it is understood, the law says, that a reasonable time is allowed for the delivery, and a reason-

[Hudson v. Germain Fruit Co.]

able time after their arrival is allowed to the buyer within which he must make the inspection. What is a reasonable time depends upon the facts and circumstances of the particular case, to be found by the jury.—Benjamin on Sales, p. 519; *Pierson v. Cook*, 115 N. Y. 539; *Diversly v. Kellogg*, 92 Amer. Dec. 13; 12 Amer. St. Rep. 831. After the buyer refused to examine or accept the goods, the plaintiff was under no obligation to continue for an indefinite time to insist upon the acceptance of the fruit by the buyer.

As we construe the charges given for the plaintiff, when applied to the evidence, they assert the law correctly. The charge requested by the defendant asserts the proposition, that if, upon the arrival of the fruit, the railroad company then denied the right of examination to defendant, such refusal on the part of the railroad gave him the right to reject the fruit. We do not understand from the contract, as stated in the evidence, that it was incumbent on the shipper to provide in the bill of lading permission to the buyer to inspect the fruit on its arrival, or that the common carrier, the agent of the shipper, had authority to grant or refuse the inspection. It was the duty of the shipper, after its arrival, within a reasonable time to see that the buyer had the opportunity, as provided in the contract, to inspect the fruit; and it was also the duty of the buyer, within such reasonable time, to exercise the right. If the shipper himself, or his agent, Jones, had denied the right, and refused the inspection, or had not provided for the inspection within a reasonable time, the buyer would have been under no duty to have repeated the demand to inspect the fruit. If such had been proven, the buyer would have been at liberty to regard the contract as rescinded. The charge refused asserts no such proposition. As a matter of law, it bases the right to reject the fruit and avoid the contract upon the bare refusal of the railroad company to permit the inspection. When referred to the evidence, the charge is also misleading, conceding that as an abstract proposition it was correct. It utterly ignores all the evidence which tends to show that, after the refusal by the railroad company, the defendant notified Jones, the agent of the shipper, that he was anxious to get the fruit, and desired to inspect it, and the statement of the agent in reply that he would telegraph the shipper for the authority, to which the defendant made no objection. If the jury believed this phase of the evidence, it tends to show that the buyer waived any right to rescind the purchase, which he might have claimed on account of the refusal of the railroad to permit the inspection. We find no error in the record. Affirmed.