[Civ. No. 1502.   Second Appellate District.—January 15, 1915.]

## M. A. NEWMARK & COMPANY, Appellant, v. GEORGE C. SMITH, Respondent.

CONTRACTS—SALE OF BEANS—RIGHT OF PURCHASER TO INSPECT BEFORE PAYMENT.—The purchaser under a contract of sale of a certain quantity of beans is entitled, in the absence of a waiver of the right, to inspect the property sold as a condition precedent to the making of payment, and the seller is not entitled upon the tender of delivery to refuse such inspection and demand payment, and for failure to make payment to declare the contract annulled.

ID.—TIME OF PAYMENT—RIGHT OF INSPECTION.—Under section 1784 of the Civil Code a buyer must pay the price of the thing sold on its delivery, and where the contract is silent as to the time of payment, the law contemplates that the act of delivery and that of payment shall be concurrent; but the seller is not entitled to payment until

he delivers "the thing sold," and the purchaser is entitled to an inspection before payment and to repudiate the purchase and refuse payment if the article delivered fails to conform to the description of the goods purchased.

APPEAL from a judgment of the Superior Court of Santa Barbara County and from an order denying a new trial. Robert M. Clarke, Judge presiding.

The facts are stated in the opinion of the court.

Canfield & Starbuck, for Appellant.

B. F. Thomas, for Respondent.

SHAW, J.—This is an action to recover damages alleged to have been sustained by reason of defendant's partial default in delivering a quantity of beans in accordance with his contract so to do. The verdict of a jury called to try the case was in favor of defendant. Judgment followed in accordance therewith, from which, and an order denying its motion for a new trial, plaintiff appealed.

On July 10, 1911, plaintiff bought from defendant one thousand bags of "choice, recleaned, small white beans of the crop of 1911," to be delivered in October, f. o. b. cars at Santa Maria, California, for which it agreed to pay $3.21¼ per hundredweight; and on the 18th of the same month bought a further like quantity of the same kind of beans for like delivery at the price of $3.25 per hundred. These contracts were evidenced by bought and sold notes whereby the one agreed to buy and the other agreed to sell. In October defendant shipped to plaintiff at Los Angeles two lots of beans, one consisting of 788 sacks delivered, as stated, on account of the first contract, and the other lot consisting of 673 sacks, which shipment was by defendant assigned as delivered under the second contract. Payment for both of these shipments was made by plaintiff by check forwarded to defendant, which the latter accepted in full payment therefor. In delivering the third lot of beans, consisting of 362 sacks, which he shipped about November 20th, defendant changed the mode and plan of delivery by shipping the same to Los Angeles, consigned to himself, and attaching the bill of lading to a draft drawn upon plaintiff for the price thereof, thus making it impossible for plaintiff

to examine the shipment or inspect the beans without first paying the draft. Upon presentation of the draft plaintiff, without paying same, wrote defendant on November 21st, asking him to direct the bank to permit an inspection of the beans, in reply to which defendant on the next day wrote plaintiff that "there is nothing in the contract that allows inspection, and delivery of beans in Los Angeles," and declared the contract annulled.

It thus appears that defendant, while retaining title and possession of the goods and while denying plaintiff's request for an opportunity to inspect the same for the purpose of ascertaining whether they conformed to the description as specified in the contract, tendered delivery thereof, coupled with the precedent condition that plaintiff pay the purchase price thereof. The sole question, therefore, involved is, whether plaintiff, in the absence of a waiver thereof, as to which there is no evidence, was entitled to inspection as a condition precedent to the making of payment. If so, then defendant was not justified in his refusal to comply with the contract.

Section 1784 of the Civil Code provides that "A buyer must pay the price of the thing sold on its delivery"; and whether delivered at Los Angeles or Santa Maria, defendant was entitled to exact payment for the goods specified in the contract upon delivery thereof to plaintiff. The contract being silent as to the time of payment, the law contemplates that the act of delivery and that of payment shall be concurrent. But defendant was not entitled to payment until he delivered "the thing sold," which in this case was "choice, recleaned, small white beans of 1911 crop." The right of plaintiff to repudiate the purchase and refuse payment because the article delivered failed to conform to the description of the goods purchased must be conceded. Defendant could not under the guise of delivering beans have delivered bags of corn and held plaintiff to payment. In no way other than by inspection could plaintiff ascertain whether it was getting the thing purchased and for which it was paying. Hence, it must follow, we think, that as defendant was entitled to and did demand payment upon delivery, plaintiff was entitled to an opportunity to inspect the shipment of beans and thus, before making payment, ascertain whether or not they were the goods which it agreed to

buy and pay for.   If they were not, it had the right to reject them and insist upon delivery of goods of the description specified in the contract.   In our opinion, the law applicable to the case is as contained in subdivision 2 of section 34 of the English Sale of Goods Act, which is as follows: "Unless otherwise agreed, when the seller tenders delivery of goods to the buyer he is bound on request to afford the buyer a reasonable opportunity of examining the goods for the purpose of ascertaining whether they are in conformity with the contract." See, also, *McNeil* v. *Braun,* 53 N. J. L. 617, [26 Am. St. Rep. 441, 23 Atl. 687]; *Pope* v. *Allis,* 115 U. S. 363, [29 L. Ed. 393, 6 Sup. Ct. Rep. 69]; *Hudson* v. *Germain Fruit Co.,* 95 Ala. 621, [10 South. 920]; *Columbian Iron & Dry Dock Co.* v. *Douglass,* 84 Md. 44, [57 Am. St. Rep. 362, 33 L. R. A. 103, 34 Atl. 1118]; Civil Code, sections 1771, 1785.

The judgment and order are reversed.

Conrey, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 15, 1915.